IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO MARTINEZ MUNIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-6191 |
| | § | |
| WARDEN, JOE CORLEY | § | |
| PROCESSING CENTER, | § | |
| | § | |
| Respondent.[1] | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

The petitioner, Alejandro Martinez Muniz, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Joe Corley Processing Center in Conroe, Texas. Martinez Muniz has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued confinement. He has also filed an emergency motion for a temporary restraining order (Docket Entry No.14) asserting that he has been informed that he will be deported within three days, and seeking to maintain the status quo pending adjudication of his petition.

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. <u>Clark v. Prichard</u>, 812 F.2d 991, 993 (5th Cir.1987) (citing <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. <u>Mississippi Power & Light Co. v. United Gas Pipeline</u>, 760 F.2d 618, 621 (5th Cir.1985); <u>Clark</u>, 812 F.2d at 993.

The petitioner contends that his detention violates his right to due process because he has not been afforded a bond hearing. In <u>Jimenez v. Noem</u>, Civil Action No. H-25-5853, this court found that a claim under the Due Process Clause of the Fifth Amendment fails because the Supreme Court has recognized that detention during removal proceedings is a constitutionally permissible part of that process. Accordingly, the petitioner fails to demonstrate a substantial likelihood of success on the merits of his claim, and

his emergency motion for a temporary restraining order (Docket Entry No. 14) is **DENIED**.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 27th day of February, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE