United States District Court
Southern District of Texas

**ENTERED**
April 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALEJANDRO MARTINEZ MUNIZ,      §
     §
     Petitioner,      §
     §
v.      §      CIVIL ACTION NO. H-25-6191
     §
KRISTI NOEM,      §
     §
     Respondent.      §

## ORDER OF DISMISSAL

The petitioner, Alejandro Martinez Muniz, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1), challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement. The respondent has now filed an advisory notifying the Court that the petitioner has been removed from the United States and is no longer in custody. A declaration from a deportation officer attached to the advisory states under penalty of perjury that the petitioner was removed to Mexico on March 20, 2026.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer live" or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack,

395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the petitioner has been removed and is no longer in custody, this case is moot. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this _6th_ day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE